IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Katina Renee Burrell, | ) | C/A No. 0:12-1082-MGL-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Katina Renee Burrell ("Burrell"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

**ADMINISTRATIVE PROCEEDINGS**

In September 2006, Burrell applied for DIB and SSI, alleging disability beginning October 1, 2004. Burrell's applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A video hearing was held on September 2, 2009, at which Burrell, who was represented by Paul T. McChesney, appeared and testified. The

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.



ALJ issued a decision on November 18, 2009 denying benefits and concluding that Burrell was not disabled. (Tr. 9-16.)

Burrell was born in 1972 and was thirty-two years old at the time of her alleged disability onset date. (Tr. 105.) She has a high school education and completed a computer certificate program. (Tr. 136.) She has past relevant work experience as an infant caregiver, a cashier, and a secretary. (Tr. 131.) Burrell alleged disability since October 1, 2004 due to fibromyalgia. (Tr. 130.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: right wrist tendonitis, migraines, and mechanical lower back pain. (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. . . . The claimant has the residual functional capacity to perform the full range of light work[] as defined in 20 CFR 404.1567(b) and 416.967(b).

\* \* \*

6. The claimant is capable of performing past relevant work as a cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2004 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).



(Tr. 11-16.) The Appeals Council denied Burrell's request for review on July 1, 2011, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)  whether the claimant is engaged in substantial gainful activity;

(2)  whether the claimant has a "severe" impairment;

(3)  whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)  whether the claimant can perform her past relevant work; and

(5)  whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.

Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Burrell raises the following issues for this judicial review:

I. Did the Defendant commit reversible error by failing to assign "Controlling Weight" to the opinions of Ms. Burrell's treating physician—Dr. James M. Vest—and failing to find that she was disabled? []

II. Did the Defendant commit reversible error by mischaracterizing and misstating the record in significant aspects? []

III. Did the Defendant commit reversible error by failing to make adequate credibility findings concerning the testimony of Ms. Burrell? []

IV. In the alternative, should Ms. Burrell's claim be remanded to the SSA for further consideration of her July 7, 2010 cervical and lumbar MRIs? []

(Pl.'s Br., ECF No. 37.) With regard to the first three issues, Burrell is seeking a remand on this matter pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3). Additionally, based on new evidence submitted with Burrell's Complaint, Burrell has moved for a remand of this matter pursuant to sentence six of § 405(g). The Commissioner opposes this request and has moved for the court to strike the new evidence and references to it from the Complaint. The court will address this issue first.

## DISCUSSION

**A.     New Evidence**

Burrell initially filed this action *pro se* and soon thereafter counsel filed a notice of appearance. Her Complaint and its attachments included two MRI reports of the lumbar and cervical spine dated July 7, 2010, which are not part of the administrative record in this matter. (See ECF



No. 1 at 5-7, ECF No. 1-5.) The Commissioner filed a motion to strike these exhibits and the corresponding references in Burrell's Complaint. In response to the motion and in Burrell's brief, Burrell argues that this matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for the Commissioner to consider the new evidence that she summarily asserts is new and material and that good cause exists for the consideration of these records.

The court may remand a case under sentence six of 42 U.S.C. § 405(g) "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." "Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993) (citations omitted). In applying sentence six, the United States Court of Appeals for the Fourth Circuit has held that a court may remand the case if the following four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been presented; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985); see also 42 U.S.C. § 405(g). The Commissioner argues that Burrell has failed to demonstrate that the evidence is relevant to the determination of disability or that the Commissioner's decision might reasonably have been different if she had considered the treatment notes.

The date of the MRIs, July 7, 2010, is almost eight months after the ALJ's decision and almost seven months after Burrell's date last insured for DIB purposes. Additionally, as pointed out by the Commissioner, the MRI reports reference "[m]ild degrees of disc degeneration and annular bulging . . . with small midline disc protrusion at C6-7" with regard to the cervical spine and "[m]ild disc degenerative changes in the thoracic and lumbar discs through the L3-4 level" and "[m]inor degrees of early stage facet arthropathy and degeneration are evident." (ECF No. 1-5.) Burrell has failed to demonstrate how these findings after the relevant time period are relevant or material to the Commissioner's decision. Accordingly, Burrell has failed to satisfy either of the first two prerequisites discussed in Borders. Moreover, Burrell's unsupported statement that good cause exists is insufficient in light of the foregoing. Therefore, this matter should not be remanded pursuant to sentence six and the Commissioner's motion to strike is granted.

**B.    Treating Physician**

Burrell argues that the ALJ failed to properly consider the opinion of her treating physician, Dr. James M. Vest. Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654

Page 7 of 16



(4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

The record shows that Burrell was seen and evaluated by Dr. Vest in May and August 2009. (Tr. 348-49.) Dr. Vest's records note that Burrell was "[w]ell developed, well nourished, [and in] no acute distress," and do not indicate any examination of her wrists, hips, or spine. (Id.) Dr. Vest indicated that Burrell requested that he fill out paperwork for her social security disability, and noted that Burrell was unable to work "due to pain in hips" and was unable to stand or sit for any length of time. (Tr. 348.) On August 11, 2009, Dr. Vest completed a "Questionnaire Concerning [Burrell]," in which he opined that Burrell was "unable to work" and that "due to pain," Burrell's concentration would be affected. (Tr. 292.) Dr. Vest also reviewed her diagnoses and indicated that his opinion was based on a patient history, examination, and records from previous doctors.

The ALJ found that Dr. Vest's opinion was entitled to limited weight, observing that it was "expressed in an August 2009 attorney supplied questionnaire." (Tr. 15.) The ALJ found that the opinion

> is more a vocational opinion than a medical opinion and thus is not worthy of great weight. Dr. Vest also did not cite any clinical or objective findings in support of his opinion, but made only a general reference to the claimant's patient history, exam, and the records of previous doctors. I also note that Dr. Vest's treatment notes contain a statement that the claimant was "unable to work due to pain in hips." A careful review of this treatment note indicates that this statement restates the claimant's subjective history and is not an opinion expressed by the doctor.

(Tr. 15) (internal citation omitted).



To the extent that Burrell argues that the ALJ erred in failing to consider Burrell's "continuous and consistent reports of pain," for the reasons discussed below Burrell has failed to demonstrate that the ALJ erred in discounting Burrell's credibility.  Further, Burrell has failed to demonstrate or provide support for her argument that the ALJ's opinion is not supported by substantial evidence because the ALJ only considered selective portions of the record in evaluating Burrell's claim.  Moreover, it was within the ALJ's discretion to afford more weight to the opinions of a state agency medical consultant than to Dr. Vest., especially in light of the fact that opinion that a claimant is unable to work is reserved to the Commissioner.[3]  See Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986) (stating that the opinion of a non-examining physician can constitute substantial evidence to support the ALJ's decision); Stanley v. Barnhart, 116 F. App'x 427, 429 (4th Cir. 2004) (disagreeing with argument that ALJ improperly gave more weight to residual functional capacity assessments of non-examining state agency physicians over those of examining physicians); 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that opinions that a claimant is "disabled" or "unable to work" are reserved to the Commissioner).

Upon review of the parties' arguments, the medical evidence, and the ALJ's decision, the court finds that Burrell has failed to demonstrate that the ALJ's decision with regard to Dr. Vest is unsupported by substantial evidence or controlled by an error of law.  See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (stating that a treating physician's opinion is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques

---

[3] To the extent that Burrell argues in her reply brief that the ALJ improperly weighed the opinions from the state agency medical consultants, the court observes that these opinions addressed Burrell's functional limitations as a result of her alleged impairments rather than summarily opining that Burrell was or was not able to work.



and is not inconsistent with the other substantial evidence in [the] record"); Craig, 76 F.3d at 590 (holding that an ALJ properly rejected a treating physician's assessment when it was not supported by his own treatment notes); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); see also Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004) ("A treating physician's opinion deserves no greater respect than any other physician's opinion when the treating physician's opinion consists of nothing more than vague, conclusory statements."); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (upholding the ALJ's finding that two treating physicians' opinions were entitled to minimal weight, in part, because the opinions were in the form of a checklist, unsupported by objective evidence, and based on the claimant's subjective complaints).

**C.     Past Relevant Work**

Burrell next argues that the ALJ erred in finding that she is able to perform her past relevant work as a cashier. As stated above, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. In determining whether a claimant can perform her past relevant work, an ALJ "may [] ask other people who know about your work" and "may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence [he] need[s] to help [him] determine whether [a claimant] can do [her] past relevant work, given [her] residual functional capacity." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Further, SSR 82-62 provides that a claimant is generally not

disabled if she can return to her past relevant work as she performed it *or* as it is customarily performed throughout the economy. SSR 82-62, 1982 WL 31386, at *3.

In this case, the ALJ observed that the Dictionary of Occupational Titles describes Burrell's past relevant work as a store cashier as "light work with a specific vocational preparation level of 2." (Tr. 16.) Accordingly, the ALJ found that based on Burrell's RFC, she could perform her past relevant work as it is actually and generally performed.

Burrell argues that the ALJ erred in making this finding by pointing out that the ALJ did not have testimony from a vocational expert and relying on a letter from Burrell's previous employer where she worked as a cashier that indicated she was unable to perform that job. Therefore, Burrell appears to argue that the ALJ did not have any evidence supporting his conclusion. The court finds this argument to be unavailing. The ALJ specifically addressed the letter from Burrell's former employer, which indicated that Burrell quit working as a cashier after approximately eight years because she had to miss a lot of work due to the severity of her headaches during the last year and a half.[4] (Tr. 199.) The ALJ found that it was entitled to little weight based on Burrell's "failure to report or seek treatment for her migraines after October 2006." (Tr. 15.) Upon review of the record and the parties' arguments, the court finds that Burrell has failed to demonstrate that the ALJ erred in his determination.

D.     **Burrell's Credibility**

In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a

---

[4] It appears that Burrell ceased working for this employer in 2004. (Tr. 131.)



two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). It appears that in this matter only the second step is at issue,[5] during which the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects her ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

---

[5] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).



  (i)  Your daily activities;
  (ii)  The location, duration, frequency, and intensity of your pain or other symptoms;
  (iii)  Precipitating and aggravating factors;
  (iv)  The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
  (v)  Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
  (vi)  Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
  (vii)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Burrell argues that the ALJ failed to adequately support his decision to discount Burrell's credibility. Specifically, Burrell contends that the ALJ made a "blanket" conclusion that Burrell's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment," without supporting it with proper findings and reasoning. Burrell argues that the ALJ's opinion is unsupported because it includes "meaningless boilerplate" language, which has been criticized by some courts. See, e.g., Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012). However, unlike Bjornson, the ALJ's opinion here demonstrates that he considered the evidence of record and provided sufficient support for his credibility analysis. See Webb v. Astrue, No. 2:11-CV-00103, 2012 WL 3061522, at *16-17 (N.D. W. Va. July 26, 2012) (concluding that a credibility determination using "template" or "boilerplate" language was supported by substantial evidence where "the substance of the decision itself supports the credibility determination"). Specifically, the ALJ found that some of Burrell's complaints were not credible based on the medical evidence, her treatment or lack thereof, medications taken, and her own reports to medical providers. (See Tr. 13-



14.) Accordingly, based on a review of the record and the ALJ's decision, the court finds that the ALJ expressly considered several of the above discussed factors in discounting the credibility of Burrell's subjective complaints, including not only Burrell's testimony but also the medical and nonmedical evidence.

Further, Burrell's reliance on her "good work history" and general argument that "the great weight of objective evidence of [Burrell's] conditions show that [Burrell] is disabled" fail to demonstrate that the ALJ's opinion is unsupported by substantial evidence. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); Blalock, 483 F.2d at 775 (indicating that even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence). Therefore, the court finds that Burrell has failed to demonstrate that the ALJ's credibility analysis was not supported by substantial evidence or was controlled by an error of law. See Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling" and indicating that a diagnosis is insufficient to establish disability as "[t]here must be a showing of a related functional loss").

## RECOMMENDATION

For the foregoing reasons, the court finds that Burrell has failed to demonstrate that the new evidence presented is relevant or material, or that good cause exists for purposes of a remand under sentence six. Further, the court finds that Burrell has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 4, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).