IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KATINA RENEE BURRELL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant.<br>_____ | ) Civil Action No. 0:12-cv-1082-MGL<br>)<br>)<br>)<br>) **OPINION AND ORDER**<br>)<br>)<br>)<br>)<br>) |

　　　　This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina. Katina Renee Burrell ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social security ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. (ECF No. 1). The Magistrate Judge issued a Report and Recommendation on April 5, 2013, recommending that the Commissioner's decision be affirmed. (ECF No. 45). Plaintiff filed objections to the Report seeking a reversal of the Commissioner's decision. (ECF No. 46). The Commissioner filed a response to Plaintiff's objections on May 9, 2013. (ECF No. 47). For the reasons stated below, the court adopts the Report and Recommendation and affirms the Commissioner's decision.

1

**BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter which the court incorporates herein and summarizes in relevant part. Plaintiff filed applications for DIB and SSI in September 2006 alleging disability as of October 1, 2004, due to fibromyalgia and tendonitis. (Tr. 37-38, 130). She has a high school diploma and past relevant work history as a infant caregiver, a cashier, and a secretary. (Tr. 135, 131). Her applications were denied initially (Tr. 37-38) and upon reconsideration (Tr. 50-53). Plaintiff requested a hearing before an administrative Law Judge ("ALJ") and a hearing was held on September 2, 2009. (Tr. 21-35). The ALJ found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. 9-16). The Appeals Council denied Plaintiff's request for review on July 1, 2011 (TR. 1-3), making the ALJ's decision the final decision of the Commissioner. Subsequently, Plaintiff filed an action in this court on April 23, 2012. (ECF No. 1).

**REPORT AND RECOMMENDATION**

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 45 at 15). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

**PARTIES RESPONSE**

Plaintiff filed objections to the Report and Recommendation ("Objections") on April 22, 2013, raising two primary objections, outlined below, which relate to the ALJ's analysis of the evidence. (ECF No. 46). The Commissioner filed a response to Plaintiff's objections to the Magistrate Judge's Report and Recommendation and asks this court to affirm the Commissioner's decision. (ECF No. 47 at 4).

**DISCUSSION**

**Standard of Review**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a review of the factual circumstances that substitutes the court's findings for those of the Commissioner.

3

*See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  In *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), the court indicated "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**Plaintiff's Objections**

Initially, the court notes that Plaintiff asks the court to decline to follow the Magistrate Judge's Report and Recommendation and, instead reverse the Commissioner's decision and find Plaintiff is entitled to benefits.  In the alternative, Plaintiff asks the court to remand this matter to the Commissioner for further proceedings.  Plaintiff sets forth two specific objections to the Magistrate Judge's Report and Recommendation.

**1.  Weight Assigned to Plaintiff's Treating Physician**

First, Plaintiff asserts that the Magistrate Judge incorrectly determined that the opinion of her treating physician, Dr. Vest, was given appropriate consideration. (ECF No. 46 at 1-2).  Review of the Report and Recommendation indicates that the Magistrate Judge fully addressed Plaintiff's contentions of error concerning the weight assigned to Dr. Vest's opinion and the analysis conducted by the ALJ as required by 20 C.F.R. § 404.1527. (ECF

No. 45 at 7-10). Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. *Id.* § 404.1545. The regulation, known as the "Treating Physician Rule," imposes a duty on the Commissioner to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Generally, the Treating Physician Rule requires a court to accord greater weight to the testimony of a treating physician, however, the rule does not require that the testimony be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion is entitled to controlling weight if "it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." See 20 C.F.R. § 416.927. Therefore, by negative implication, it follows that a treating physician's opinion can be accorded less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

Here, the ALJ indicated that he carefully considered Dr. Vest's opinion that Plaintiff was unable to work and determined that Dr. Vest's opinion was entitled to limited weight. The record adequately supports the ALJ's decision to discount Dr. Vest's opinion. In making this determination, the ALJ observed that Dr. Vest's opinion that Plaintiff was "completely and totally disabled from performing any occupation on a full-time or consistent basis" was set out in "an attorney supplied questionnaire." *Id.* Further, the record does not reflect that Dr. Vest articulated any basis for this opinion and the record does not contain any clinical or objective medical evidence to support this opinion. *Id.* Instead, as noted by the Magistrate Judge, Dr. Vest made only general references to the claimant's patient

history, exams and the record of previous doctors. *Id.* Additionally, the ALJ noted that Dr, Vest's treatment notes contained a statement that Plaintiff was "unable to work due to pain in hips." *Id.* As explained by the Magistrate Judge, Dr. Vest's records do not reflect that he examined Plaintiff's wrists, hips, or spine nor do they reflect any objective examination that supports his opinion that Plaintiff cannot work due to pain in her hips. The ALJ indicated that Dr. Vest's statement merely restated Plaintiff's subjective history and was not an opinion.

Plaintiff has the burden of presenting objective medical evidence to establish that she is disabled and she has not done so here. 20 C.F.R. § 404.1512(a). Thus, the court agrees with the Magistrate Judge that the ALJ applied the correct legal principles and sufficiently described his reasons for giving a giving limited weight to Dr. Vest's opinion. The court concludes that there is substantial evidence in the entire record that supports the ALJ's decision concerning the appropriate weight given to Dr. Vest's opinion and the court finds no reversible error with respect to this issue.[1] The court now turns to Plaintiff's next objection.

**ALJ's Consideration of Whether Plaintiff Can Return to Past Relevant Work**

Next, Plaintiff contends that the ALJ erred in his determination that Plaintiff could return to her past relevant work. Plaintiff's objection essentially restates her arguments made in her initial filings, and does not alert the court to matters which were erroneously considered by the Magistrate Judge. The court finds that the Magistrate Judge's Report

---

[1] Plaintiff has also asserted that the Magistrate Judge "incorrectly stated the law" concerning consideration of a treating physician's opinion as to whether or not a claimant is disabled. The court has reviewed the Report and Recommendation and finds no error in the Magistrate Judge's analysis.

ane Recommendation appropriately addresses Plaintiff's argument on this issue. (ECF No. 45 at 10-11).  As such Plaintiff's objection is overruled

## CONCLUSION

After carefully reviewing the record, including the findings of the ALJ, the parties' briefs, the Report and Recommendation, Plaintiff's objections, and the Commissioner's response, the court concurs in the Recommendation of the Magistrate Judge that the Commissioner's decision was supported by substantial evidence.  Thus, the court adopts and incorporates the Report and Recommendation herein. or the reasons set out above and in the Report, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

September 23, 2013
Spartanburg, South Carolina